CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 1 9 2005

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ANTIONETTE STROTER,                 )
                                    )          Civil Action No. 7:04CV00717
          Plaintiff,                )
                                    )          **MEMORANDUM OPINION**
v.                                  )
                                    )
JEFFERSON COLLEGE OF HEALTH,        )          By: Hon. Glen E. Conrad
          SCIENCES                  )          United States District Judge
                                    )
          Defendant.                )

This case is before the court on the defendant's motion to dismiss and the plaintiff's

motion for judgment on the pleadings. For the reasons that follow, the defendant's motion to

dismiss will be granted and the plaintiff's motion for judgment will be denied.


### Factual and Procedural Background

Plaintiff Antionette Stroter filed a complaint against Jefferson College of Health Sciences

("Jefferson College") alleging employment discrimination under 42 U.S.C. § 2000e et seq. in this

court on December 6, 2004. Ms. Stroter began her employment as the Director of Clinical

Education and Assistant Professor of Respiratory Therapy with Jefferson College on April 19,

2003. Her employment terminated on August 13, 2003. On August 11, 2004, she filed a

complaint with the Equal Employment Opportunities Commission against Carilion Medical

Center ("Carilion") and Jefferson College alleging discrimination. In a letter dated September 3,

2004, the EEOC administratively closed her case on the grounds that she had already brought a

lawsuit in Virginia state court. On December 18, 2004, she filed an amended complaint against

Carilion and Jefferson College in the Circuit Court for Roanoke City.

1

The plaintiff has since filed several requests for extensions of time and an amended motion for judgment in this court. In her amended motion for judgment, which was not filed in compliance with Federal Rule of Civil Procedure 15(a), Ms. Stroter indicated for the first time that her claim is against both Jefferson College and Carilion.

## Defendant's Motion to Dismiss

A complaint will be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) only when the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992). In considering a motion to dismiss, the court accepts all well-pleaded allegations as true. The court also views the complaint in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411 (1969).

In support of its motion to dismiss, the defendant alleges that the plaintiff failed to file her charge of discrimination with the EEOC within 300 days of the last alleged discriminatory act, and therefore is barred from bringing this suit. See 42 U.S.C. § 2000e-5(e)(1) (2003); Venkatraman v. REI Sys., 417 F.3d 418, 420 (4th Cir. 2005). Ms. Stroter filed her EEOC claim on August 11, 2004.[1] She left her employment with Jefferson College on August 13, 2003. Three hundred days had therefore elapsed between the last date of alleged discrimination and the filing date of the EEOC claim. See Edelman v. Lynchburg College, 300 F.3d 400, 404 (4th Cir. 2002).

---

[1] Ms. Stroter apparently signed the EEOC "Charge of Discrimination" form on August 8, 2004, but received notice in a letter dated September 3, 2004, that the EEOC considered the form filed on August 11, 2004.

2

The consequence of a failure to file a claim within the 300-day period prescribed by 42 U.S.C. § 2000e-5(e)(1) is that the untimely claim must be dismissed. Williams v. Giant Food, Inc., 370 F.3d 423, 428 (4th Cir. 2004). In this case, Ms. Stroter's EEOC claim was directed to the Virginia Council on Human Rights, which participates in a work-sharing arrangement with the EEOC. As was the case in Tinsley v. First Union Nat'l Bank, 155 F.3d 435 (4th Cir. 1998), the referral to the state agency "satisfied 42 U.S.C. § 2000e-5(e)(1)'s requirement that the aggrieved person must have instituted proceedings with the state deferral agency in order to qualify for the 300-day limitations period." Id. at 439-40. Ms. Stroter qualified for the 300-day period, but did not file within that time frame. Moreover, she asserts no cognizable basis upon which this court should disregard the limitations period, such as waiver, estoppel, or equitable tolling.[2] Thus, her claim will be dismissed.

Additionally, the defendant moves for dismissal on the grounds that Jefferson College is not a legal entity and was not Ms. Stroter's employer. The plaintiff's amended complaint indicates confusion as to the legal relationship between Jefferson College and Carilion. She states that her employment contract was with Jefferson College, and indeed, her Faculty Appointment Agreement bears only the name "College of Health Sciences" as her employer. However, this is not Ms. Stroter's first attempt to seek legal redress for her grievances, and on both prior

_____

[2] Ms. Stroter asserted in her response to the defendant's motion to dismiss that "[t]he last retaliatory act occurred on May 25, 2005." However, the initial complaint indicated only that Ms. Stroter was discharged on August 13, 2003. The plaintiff's new contention that retaliation against her continued after her discharge is unsupported by the alleged facts. Although a charge of discrimination may be maintained by a former employee against her former employer under 42 U.S.C. § 2000e-3(a), the plaintiff here is both procedurally and administratively foreclosed from asserting her new theory as to when the discrimination ended. See Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997) (noting that former employees are included within the coverage of § 704(a) of Title VII of the Civil Rights Act of 1964). As noted above, she did not meet the procedural requirements for amending her complaint, and therefore was not entitled to assert new facts against the defendant. Furthermore, she has presented no evidence to indicate that an EEOC claim was filed regarding the May 25, 2005 incident.

occasions, she unambiguously named both Jefferson College and Carilion as opposing parties. In the present case, her complaint indicates on page 1 that Jefferson College is the sole defendant, but on page 2 suggests that "Jefferson College of Health Sciences/Carilion Health System" is the "defendant" in a state court case concerning the same alleged unlawful employment practices. Ms. Stroter's punctuation and use of the singular form suggests that she viewed Jefferson College and Carilion as one and the same entity. Ms. Stroter's confusion appears to be genuine, but the fact remains that she did not file in a timely fashion against either entity, and thus her case must be dismissed under 42 U.S.C. § 2000e-5(e)(1). Although "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court," it is a requirement akin to a statute of limitations, subject only to the defenses of waiver, estoppel, and equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). None of those defenses is asserted here.

The plaintiff maintains that the timely filing requirement should be disregarded because the EEOC's policy is to dismiss complaints that are not timely filed, and yet the EEOC did not send her notice that her claim was untimely, but instead processed her complaint and filed her charge. Whether the EEOC acts in accordance with its stated policy does not dictate the result in this case. The plaintiff did not pursue her administrative remedies in a timely fashion, and therefore her complaint in this court is time-barred.

## Conclusion

The plaintiff's original complaint will be dismissed on the grounds that she did not file her suit in this court within the prescribed statutory time frame. The plaintiff's motion for judgment on the pleadings will be denied.

4

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the defendant all counsel of record.

ENTER: This 19th day of October, 2005.

_____
United States District Judge

5